MKM:MKP/TH
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KEITH RANIERE,
    also known as "Vanguard," and
ALLISON MACK,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 18 204**
(T. 18, U.S.C., §§ 1591(a)(1),
1591(a)(2), 1591(b)(1), 1594(a),
1594(b), 1594(c), 1594(d), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p))

GARAUFIS, J.

SCANLON, M.J.

FILED CLERK
2018 APR 19 PM 4:19
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking – Jane Does 1 and 2)

1. In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together with others, did knowingly and intentionally: (1) recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit one or more persons, to wit: Jane Does 1 and 2, individuals whose identities are known to the Grand Jury, in and affecting interstate and foreign commerce, and attempt to do the same; and (2) benefit, and attempt to benefit, financially and by receiving a thing of value, from participation in a venture which had engaged in such acts, knowing that means of force, threats of force, fraud and coercion, and a

combination of such means, would be used to cause such persons to engage in one or more commercial sex acts.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(a), 2 and 3551 et seq.)

## COUNT TWO
(Sex Trafficking Conspiracy)

2. In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together with others, did knowingly and intentionally conspire to: (1) recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit persons, in and affecting interstate and foreign commerce; and (2) benefit, financially and by receiving a thing of value, from participation in a venture which was to have engaged in such acts, knowing that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause such persons to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), and 1591(b)(1).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT THREE
(Conspiracy to Commit Forced Labor – Jane Doe 1)

3. In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," and ALLISON MACK, together with others, did knowingly and intentionally conspire to provide and obtain the labor and services of a person, to wit: Jane Doe 1, by means of serious harm and threats of serious

harm to her and one or more other persons, and by means of one or more schemes, plans and patterns intended to cause Jane Doe 1 to believe that, if she did not perform such labor and services, Jane Doe 1 and one or more other persons would suffer serious harm, contrary to Title 18, United States Code, Sections 1589(a)(2) and 1589(a)(4).

(Title 18, United States Code, Sections 1594(b) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01840

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

KEITH RANIERE, *also known as* "Vanguard,"
*and* ALLISON MACK,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 1591(a), 1591(b), 1594(a), 1594(b), 1594(c), 1594(d), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
*Clerk*

Bail, $ _____

_____

***Moira Kim Penza and Tanya Hajjar, Assistant U.S. Attorneys***
***(718) 254-7000***