# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

August 14, 2018

**BY ECF**

Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Allison Mack,*
       **18 Cr. 204 (NGG)**

Dear Judge Garaufis:

We write respectfully on behalf of our client, Allison Mack, to request a modification of the conditions of her release. Specifically, we respectfully request that the Court amend the home detention component of her conditions to permit Ms. Mack to leave her residence for the following additional reasons without seeking prior permission of the Court: (i) stationary and verifiable employment; (ii) religious services (once per week); and (iii) schooling. In all other respects, her conditions of release would remain unchanged. We have conferred with Pretrial Services and the government, who both consent to the proposed amendment.

## BACKGROUND

Ms. Mack was arrested on April 20, 2018, at her then-residence in the Eastern District of New York by agents of the Federal Bureau of Investigation. Following her arrest, Ms. Mack ultimately was released on a $5 million personal recognizance bond secured by real property with a combined estimated market value of approximately $1,730,000, including her parents' residence in California, and a lien on Ms. Mack's individual retirement account valued at approximately $585,000. The bond was also co-signed by each of her parents. *See* 18 Cr. 204 (NGG) Docket

Hon. Nicholas G. Garaufis, U.S.D.J.
August 14, 2018
Page 2

Entry No. 23 (Order Setting Conditions of Release) ("Bail Order"). The Bail Order also included the following conditions, among others:

- Home detention at her parents' California residence, pursuant to which she is restricted to home at all times, except for attorney visits, court appearances, and medical treatment;
- GPS location monitoring;
- Travel restricted to the Central District of California (where her parents reside), the Eastern District of New York, and the Southern District of New York;
- Restrictions on association, including a prohibition on contact—outside of the presence of her attorneys—with her co-defendants, alleged co-conspirators, or any individual currently or formerly employed by or associated with Nxivm or any affiliated or constituent entity;
- A prohibition on computer and Internet access, with the exception of a single, Internet-capable device, approved and monitored by Pretrial Services to communicate with Pretrial Services, defense counsel, a treatment provider, or anyone else with prior approval from Pretrial Services and the government;
- Restrictions on phone usage permitting her only to make and receive calls to and from phone numbers agreed to by counsel for the defendant and the government on a cellular telephone approved and monitored by Pretrial Services;
- Pretrial supervision with random visits by a Pretrial Services Officer at defendant's residence and/or place of work; and
- Surrender of all travel documents.

*See* 18 Cr. 204 (NGG) Docket Entry No. 23 (Order Setting Conditions of Release).

Prior to her arrest on the instant charges, Ms. Mack had no criminal history. She also has substantial ties to the United States, including the fact that she herself is a U.S. citizen and members of her immediate family—who have staked their financial well-being on her remaining in the United States to face the instant charges—are also U.S. citizens who reside in the United States. While the instant charges have deprived her of pursuing her acting career, Ms. Mack nevertheless is interested in contributing to society. In that regard, Ms. Mack has contacted her Pretrial Services Officer to express her interest in obtaining employment, volunteering in her community, and attending classes and religious services while she waits for the opportunity to defend herself and clear her name at trial.

Hon. Nicholas G. Garaufis, U.S.D.J.
August 14, 2018
Page 3

## DISCUSSION

As noted above, both Pretrial Services and the government consent to the proposed amendments. And this makes sense in this case. Ms. Mack repeatedly has demonstrated that she is neither a danger to the community nor a flight risk. *See United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Prior to her arrest Ms. Mack willingly returned to, and remained in, the United States—and more specifically, the Eastern District of New York—despite the specter of potential criminal charges as outlined in the Complaint. Following her arrest and release on the conditions in the Bail Order, Ms. Mack has demonstrated for more than three months her ability to adhere to and abide by the rulings of this Court and the directives of Pretrial Services. Ms. Mack has complied with all of the conditions of the Bail Order, and has not incurred a single violation from her supervisory Pretrial Services Officers. Indeed, whenever she has a question about whether a particular activity would or would not be permissible under the Bail Order, Ms. Mack contacts Pretrial Services before taking any action.

The proposed modifications will allow Ms. Mack to contribute to society and her own self-betterment while she awaits the resolution of the criminal charges. They will permit her to explore employment opportunities, pursue further education, and attend religious services. These activities not only will allow Ms. Mack to use her time productively while awaiting trial, but will also assist with her reintegration into society if she is vindicated of the charges or even in the unlikely event that she is convicted after trial.

If the Court is inclined to grant the requested relief, as she has done throughout these proceedings, Ms. Mack will work closely with her supervising Pretrial Services Officers to ensure that she adheres strictly to the limitations of the Bail Order. For example, if she obtains employment, she will provide Pretrial Services with her work schedule as well as copies of paychecks or paystubs as proof of her ongoing employment. Similarly, with respect to education, once she enrolls in a class or classes, she will provide Pretrial Services with proof of enrollment and her class schedule.

Hon. Nicholas G. Garaufis, U.S.D.J.
August 14, 2018
Page 4


      Accordingly, Ms. Mack respectfully requests that the Court amend the Bail Order to permit her leave to attend, without seeking further leave of the Court, (i) stationary and verifiable employment; (ii) religious services (once a week); and (iii) schooling.  As always, the undersigned are available to answer any questions the Court may have.


      Respectfully yours,

      /s/

      William F. McGovern
      Sean S. Buckley
      +1 212 488 1210 / 1253


cc:    AUSA Moira Kim Penza (by ECF)
      AUSA Tanya Hajjar (by ECF)
      Pretrial Services Officer Anna Lee (by email)
      Pretrial Services Officer Elizabeth Brassell (by email)
      Pretrial Services Officer Brenda Mercato (by email)

*The courts approve the three specific modifications of the defendant's Bail Order requested by the defendant and consented to by the Government. All other conditions of bail remain in full force and effect.*

*So ordered.*

s/Nicholas G. Garaufis

8/17/18