# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

September 12, 2018

BY HAND AND ECF

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Judge Garaufis:

  We respectfully submit this brief letter on behalf of **all defendants** in support of our September 11, 2018 letter (Dkt. No. 127: Letter re: Discovery, Trial Date, Particulars, and Brady ("Raniere Ltr.")) and in reply to the government's status update letter filed September 11, 2018 (Dkt. No. 129: Letter providing case update ("Gov't Ltr.").) We offer this letter to (1) request discovery in connection with the Superseding Indictment and provide background on the government's discovery productions; (2) object to the government's upcoming request to designate this case "complex"; and (3) provide a proposed schedule with respect to a **January 7, 2019 trial date, to which all defendants consent**.

A Brief Overview on the Government's Discovery Productions

  In our September 11, 2018 letter, we set forth the many issues regarding the government's discovery productions thus far including, among other things: (1) their failure to obey a Court Order obligating them to meet and confer with defense counsel; (2) their delay in producing Rule 16 discovery in their possession and relevant to this Indictment; and (3) their failure to state what discovery exists. (Raniere Ltr. at 1-5.) Despite this, the government maintains that when they review records and determine that they contain Rule 16 material, they "*disclose the records promptly*." (Gov't Ltr at 2) (emphasis added). As the below table shows, this is not true; rather, the government has been slow in producing discovery.

BRAFMAN & ASSOCIATES, P.C.

| Date of Warrant[1] | Discovery Material | Date the discovery was produced | Date the affidavit was produced |
|---|---|---|---|
| December 5, 2017 | ▮ | **September 10, 2018** (to ▮ counsel)[2] | **September 12, 2018 at 5p.m.** (Nine months after the affidavit was signed) |
| January 18, 2018 | ▮ | A subset of emails were disclosed **May, 21, 2018**. | The affidavit was not produced until **July 13, 2018**. (Six months after it was signed) |
| January 31, 2018 | ▮ | **August 6, 2018** (to ▮) | **August 6, 2018** to ▮ counsel. (Six months after it was signed) |
| March 8, 2018 | ▮ | **August 23, 2018** (to ▮ counsel) | **August 28, 2018** ▮ counsel. (One month after indictment) |
| March 26, 2018 | ▮ | The discovery was produced on **August 28, 2018** (to Ms. ▮ counsel) | **August 3, 2018** |

With respect to the ▮, although each of those defendants received or will receive their own material (although late), all of the other defendants have received nothing from those searches. Moreover, the government superseded the Indictment with a RICO conspiracy, yet still has not produced discovery with respect to the following alleged acts in the Superseding Indictment:

---

[1] We redact the table in our public filing because, in some cases, the Search Warrant Affidavits have been designated "Victim Discovery Material," as defined in the Protective Order.

[2] ▮

2

- **Racketeering Act One**: Conspiracy to Commit Identity Theft and Conspiracy to Unlawfully Possess Identification Documents
- **Racketeering Act Two**: Conspiracy to Commit Identity Theft
- **Racketeering Act Three**: Conspiracy to Alter Records for Use in an Official Proceeding
- **Racketeering Act Four**: Conspiracy to Commit Identity Theft
- **Racketeering Act Five**: Encouraging and Inducing Illegal Entry and Money Laundering
- **Racketeering Act Seven**: State Law Extortion
- **Racketeering Act Nine**: Forced Labor and State Law Extortion

Surely, because the government indicted these alleged Racketeering Acts, the discovery related to them is in their possession. We simply ask the government to "disclose the records promptly." (See Gov't Ltr. at 2.)

The Government's Tardy Request to Designate This Case "Complex"

Six months after arresting Mr. Raniere on March 26, 2018, five months after arresting Ms. Mack on April 20, 2018, and almost two months after arresting Lauren Salzman, Nancy Salzman, Clare Bronfman and Kathy Russell on July 24, 2018, the government now for the first time seeks to deem this case "complex." (Gov't Ltr. at 3.) While we do not dispute that it is in this Court's discretion to deem a case complex, all defendants ask the Court to deny this request. The request to deem this case complex should be denied for several reasons.

**First**, it simply is not complex. Rather, it is a RICO conspiracy case with six defendants. The sex trafficking and forced labor counts the government cites to (Gov't Ltr. at 4) were contained in the original Indictment returned on April 19, 2018. The government did not seek to deem the case complex then.

**Second**, to the extent that the government claims that the volume of discovery makes this case complex, this is a problem of the government's own making. As noted above, the government could have, and should have, provided this discovery far earlier than it has. Moreover, the government has frustrated defense counsel at every turn in our efforts to make this case manageable. For instance, a month ago, defense counsel asked the government to provide the identities of the John and Jane Does. At 6 pm on September 12, 2018, the evening before this Court appearance, it provided that information. In addition, we have repeatedly asked the government to identify the 60 electronic devices it claims to have. We still have not received this simple, straightforward information. Moreover, counsel has asked the government to identify the videotape that was allegedly altered comprising Racketeering Act Three, and the government flatly refused to provide this information.[3] For the government to now claim that this case is complex is disingenuous because the government has denied counsel basic information about the charges

---

[3] The government stated to counsel for defendant Nancy Salzman that the video at issue in this act is somewhere in the production that defendants would be able to obtain on September 10, 2018; however, they refused to disclose *which video* Ms. Salzman allegedly altered, or where in the production the item could be found.

(information routinely provided by prosecutors in this and other Districts) that would make the case ready to try.

**Third**, the government's request for a complex case designation is also pretextual because the government seems intent on running from any trial date this Court sets. Now that the government has accomplished delaying the last trial date as a result of the Superseding Indictment, it now, for the first time, seeks to avail itself of the complex case designation to defeat yet another trial date set by this Court—despite having in its possession (for four months prior to superseding) the very discovery materials that they contend now render this case complex.

Additionally, the cases the government cites do not support the government's proposition that this is properly deemed complex. It relies on three cases where the government sought a complex case designation *at arraignment*. In United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181 (2d Cir. 1989) (see Gov't Ltr. at 4), "[a]t the arraignments,…the government informed the court that the case was complex, noting that there were eight defendants and 470 counts, requiring proof of more than 2,500 separate offenses at trial." Id. at 1197-98. The defendants anticipated extensive defense motions and "a number of defendants had requested additional time to make their motions." Here, the government has had numerous opportunities to designate this case complex; however, at each and every arraignment, the government has not sought to designate it as such. Moreover, as proposed below, the defendants are offering a schedule for motions that allows sufficient time to review discovery (if produced timely), research and file motions that will not require "additional time."

It also relies on United States v. Naseer, 38 F. Supp. 3d 269 (E.D.N.Y. 2014), which is similarly distinguishable. In Nasser, the Court designated the case as complex for speedy trial purposes with the consent of the government and the co-defendant before defendant Naseer was indicted. When defendant Nasser was indicted and arraigned three years later, the Court explained that the case was "complex and continued the designation with the consent of defense counsel." (Id. at 275.) The defendants consented to speedy trial exclusions for the next year, before making "clear that he does not consent to further exclusions." (Id. at 276.) Here, this Court has never deemed this case complex and defendant Raniere has never consented to exclusions of time.

Similarly, in United States v. Astra Motor Cars, 352 F. Supp. 2d 367 (E.D.N.Y. 2005), where, again, at the arraignment, the defendants were advised that the case appeared to be complex "on the grounds that the eighty three count indictment alleged a multi-state motor-vehicle theft ring involving at least 100 motor vehicles and thousands of documents." There, after first consenting that the case was complex, the defendant objected to the designation, arguing that the case was not complex because of the number of co-defendants. The Court held that the reason for the designation was "also the extraordinary volume of discovery…namely that [the] case requires a thorough and coordinated review of the reams of files seized…." Id. at 369. Here, the government seized discovery from the Salzman Residence and 8 Hale Drive *five months ago*, a day after Mr. Raniere's arrest. At Mr. Raniere's presentment, the government did not seek to designate the case complex due to the "extraordinary volume of discovery," nor did they raise it as an issue for preparing for trial when the Court set this trial for October 1, 2017 and subsequently January 7, 2019. (See Raniere Ltr. at 5.)

Finally, the government relies on United States v. Curanovic, 17-CR-404 (KAM), where Judge Matsumoto designated that case as complex. The undersigned is counsel of record for a defendant in that matter. We have waived speedy trial at each and every appearance and have never objected to that case being deemed complex.

Proposed Schedule for Discovery, Motions and Trial:

**All defendants** seek a prompt trial and ask that a schedule be put in place to ensure that their speedy trial rights are not lost. Defendants propose the following schedule, which we believe is practical and would simply require the government to "promptly" fulfill their discovery obligations:

| Date | Event |
|---|---|
| November 1, 2018: | Defendants' pretrial motions, other than suppression motions, due. |
| November 1, 2018: | Discovery deadline – the government must produce all discovery in the government's possession or be precluded from using that discovery at trial. All Brady material in the government's possession must also be produced by this deadline. |
| November 21, 2018: | Government's response to Defendants' motions. |
| December 7, 2018: | Defendants' reply briefs due on initial motions. |
| December 14, 2018: | Defendants' suppression motions, if any, due. |
| January 4, 2019: | Government's response to Defendants' suppression motions due. |
| January 7, 2019 | Government to provide exhibits and 3500 material to defendants. |
| January 7, 2019 | Jury Panel reports to Court and receives jury questionnaires. Jurors are dismissed and told that some Jurors will be asked to return to Court on February 4th for continued Jury Selection. |
| January 11, 2019: | Defendants' reply briefs due on suppression motions. |
| January 11, 2019: | Government *in limine* motions including disclosure of 404(b) evidence, if any. |
| January 14, 2019 | Defendants and government confer about which Jurors, if any, should be excused for cause. |
| January 15, 2019 | Defendant and government provide Court with list of which Jurors, if any, should be excused for cause. |
| January 21, 2019 | Government provides defendants with copy of government exhibits. Government and Defense give Court any proposed preliminary jury instructions to be given by the Court when trial begins. |
| January 25, 2019: | Defendant's response to *in limine* motions and any defendant motions. |
| February 4, 2019: | Continued Jury Selection for those Jurors not challenged for cause based on the questionnaires, immediately followed by opening statements. |

Conclusion:

For the reasons set forth above, all defendants jointly oppose the government's complex case request and jointly move for the schedule set forth above, culminating in jury selection commencing on January 7, 2019 and opening statements after the conclusion of jury selection on Monday February 4, 2019 or as soon thereafter as practicable.

Sincerely,

/s/
**Brafman & Associates, PC**
By: Marc Agnifilo
Teny Geragos
Jacob Kaplan

**DerOhannesian & DerOhannesian**
By: Paul DerOhannesian II
Danielle R. Smith

cc: All Counsel (via ECF and email)