

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 24, 2018

<u>By ECF</u>

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Keith Raniere, <u>et</u> <u>al.</u>
        Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Scanlon:

The government respectfully submits this letter in response to the Court's September 18, 2018 order directing the government to provide certain estimates regarding its anticipated production of discovery, including a list of electronic and non-electronic discovery in its possession.

The government will provide a list, under separate cover, of electronic data and other material in its possession to the Court and defense counsel. The list notes, where applicable, the status of review and expected production date. The government notes that the significant bulk of electronic data in its possession derives from devices obtained through the execution of search warrants at two properties in Clifton Park, New York. One of these properties is the residence of the defendant Nancy Salzman (the "Salzman Residence"), where she stored many Nxivm files. The other property is 8 Hale Drive, Halfmoon, New York, which was referred to as the "Library" by Nxivm members. Within days of the seizure of these devices, the FBI's Computer Analysis and Response Team (CART) began imaging and processing the digital data and loading it onto its review platform in order to search it. Due to the unusually large volume of the electronic data, which has been estimated to be approximately 10 to 12 terabytes of data, FBI agents have worked with the CART examiners to process and load the data on its review platform on a rolling basis. As noted in the list provided to counsel and the Court, CART examiners in New York have been unable to review certain seized devices for technical reasons. These devices have been sent to FBI Headquarters to be searched.

The government has undertaken to retain a third-party vendor (the "Vendor") to assist with processing and producing the seized electronic materials. The government has begun providing the Vendor with copies of materials from the FBI. Electronic data to which the government has been alerted to the existence of potentially privileged material has been uploaded to a separate "Firewall Database," which the government's trial team and the case agents (collectively, the "Trial Team") cannot access. Access to the Firewall Database is restricted to the government's Firewall Assistant United States Attorney.

At the government's request, counsel for defendants Keith Raniere, Clare Bronfman, and Nancy Salzman have agreed to provide lists of attorneys and attorney email addresses (the "Privilege Search Terms"). The government has received such lists from counsel for Raniere and Bronfman, and expects to receive a list with attorney email addresses from counsel for Nancy Salzman.[1] At the direction of the government, the Vendor is in the process of running searches of the Privilege Search Terms on materials in the Firewall Database in order to segregate potentially privileged documents, which will remain in the Firewall Database pending review for privilege.

The government also continues to receive records from a variety of sources, including witnesses and entities. The government will continually review such records to determine whether they contain Rule 16 material (or otherwise give rise to disclosure obligations) and, if they do, disclose such records promptly.

In light of the current January 7, 2019 trial date in this matter, the government offers the proposed schedule set forth below as a framework for the Court's consideration. The government notes that the framework outlined below is extremely compressed and would require efficient work for the next three months from all parties involved. Prior to the status conference set scheduled for September 27, 2018, the government will confer with counsel for defendants to assess whether this schedule is achievable given the nature of the charges, voluminous discovery, the complexity of the case, and the need to ensure adequate time for the defendants to review discovery and for briefing, argument, and rulings by the Court on pre-trial motions.

The scheduling framework outlined below anticipates four rounds of briefing, not including any privilege-related litigation. First, on October 12, 2018, the defendants would submit motions pursuant to Rule 12(b)(3)(A), (B), and (D) of the Federal Rules of Criminal Procedure, with response and reply briefing to follow. Such motions generally are directed at the face of the government's pleadings and do not require comprehensive review of Rule 16 discovery. At that time, the parties would also submit any motions relating to jury questionnaires and other aspects of jury selection. Next, on October 15, 2018, the parties would submit disclosures pursuant to Rule 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure, with motions to preclude, if any, to follow. On December 14,

---

[1]    Raniere has identified over 26 attorneys, Bronfman has identified over 42, and Nancy Salzman has identified seven.

2018, the defendants would file suppression motions, if any, pursuant to Rule 12(b)(3)(C); on the same date, the government would file motions relating to enterprise and other act evidence; and also on the same date, the parties would file motions in limine regarding evidentiary issues in advance of trial.  The proposed schedule set forth below contemplates that jury selection would commence on January 7, 2018.

    A.  Defense Motions Pursuant to Rule 12(b)(3)(A), (B), and (D) and Jury Selection Motions

- · Motions due October 12, 2018
- · Responses due October 24, 2018
- · Defense Reply due October 29, 2018

    B.  Motions on Privilege

- · Any assertions of privilege (privilege logs) from defendants Raniere and Bronfman due October 19, 2018
- · Any assertions of privilege (privilege logs) from defendant Nancy Salzman due October 26, 2018
- · Meet-and-confer between privilege review team and defense counsel by November 2, 2018
- · Motions due November 9, 2018
- · Responses due November 14, 2018

    C.  Expert Disclosures and Motions to Preclude Experts

- · Expert disclosures due October 15, 2018
- · Daubert Motions due November 2, 2018
- · Responses due November 16, 2018
- · Replies due November 23, 2018

    D.  Discovery Substantially Complete For Materials in Government's Possession and Reciprocal Discovery by Defense

- · December 7, 2018

    E.  Defense Rule 12(b)(3)(C) Motions; Government Motion to Admit Enterprise and Other Act Evidence; Motions in Limine

- · Motions due December 14, 2018
- · Responses due December 19, 2018
- · Replies due December 21, 2018

    F.  Jury Selection

        ·  January 7, 2018

    G.  Opening Statements and Trial

        ·  January 14, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/

Moira Kim Penza
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (NGG) (by ECF)
      Counsel of Record (by ECF)