

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP                                    *271 Cadman Plaza East*
F. #2017R01840                                *Brooklyn, New York 11201*

October 12, 2018

By ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:     United States v. Keith Raniere, et al.
                  Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Scanlon:

          The government respectfully submits this letter to provide an update to the
Court on the status and anticipated schedule of its production of Rule 16 discovery materials.

          Since September 25, 2018, when the government filed its most recent letter to
the Court regarding discovery, see ECF Docket Entry 143 and accompanying list, the
government has produced over 27,000 pages of discovery, including (1) the results of
searches of an iCloud account belonging to Lauren Salzman, (2) the results of searches of
two email accounts, (3) records from banks and other companies, and (4) materials provided
to the government by witnesses in this case.  In addition, the government has provided all
defendants with additional copies of materials on devices from 8 Hale Drive.[1]

          In the coming weeks, the government expects to begin providing results of its
searches of the following materials:  an email account belonging to defendant Keith Raniere,
an email account belonging to defendant Clare Bronfman, and three electronic accounts
belonging to defendant Allison Mack.  In addition, the government expects to provide copies

---

          [1]     The only items from 8 Hale Drive that remain to be produced in full to
defendants are items 1B49 and 1B18, which both contain videos and cassette tapes.  The
government is in the process of converting these materials into a form that the defendants can
easily view and expects to produce copies of these devices within the next two weeks.  In the
interim, counsel for the defendants may inspect the original devices at the FBI.

of legal documents and filings from <u>NXIVM Corp., et al. v. Ross Institute, et al.</u>, 06 CV 1051 (D.N.J.). With respect to the devices seized from the residence of defendant Nancy Salzman, the government has filed a motion to disclose, to all defendants in this case, full forensic copies of these devices pursuant to protective order, <u>see</u> ECF Docket Entry 158. The motion is pending with the Court, but counsel for Nancy Salzman has indicated that she may withdraw her objection to disclosure of the devices pending further discussions with the government. If the government and counsel for Nancy Salzman reach agreement, the government will promptly provide, to all defendants, forensic copies of the devices, which constitute the bulk of electronic discovery in the government's possession.

The government has also sought additional information from the FBI regarding the devices that were unable to be accessed by CART due to encryption or other technical failure.[2] The FBI has been able to access one item, a video recorder (item no. 1B86), and a copy of its contents will be produced as soon as practicable. However, the FBI cannot provide any estimate of the likely production date regarding the other items (1B87, 1B85, 1B74, and 1B71), which remain inaccessible to the government.

As indicated in the joint letter setting forth a proposed schedule, <u>see</u> ECF Docket Entry No. 157, and its prior letters to the Court regarding discovery, the government anticipates that it will have substantially completed production of discovery materials currently in its possession that are not subject to a claim of privilege by December 7, 2018. However, the government's investigation is ongoing and it continues to receive new records from a variety of sources.

The government is engaged in a continuing process of reviewing the records it receives from these various sources to determine whether they contain Rule 16 material (or otherwise give rise to disclosure obligations) and, if they do, disclosing the records on a rolling basis as promptly as practicable. The government, however, does not intend to provide a comprehensive list identifying such materials that were obtained pursuant to subpoena or from witnesses, victims, and others, prior to determining whether they constitute or contain discoverable material. The government notes that such a list is not required by Rule 16 and would not be consistent with the practice of the district courts within this Circuit. Rule 16(a)(1)(E) provides that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . documents . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

---

[2]    The FBI has reported that the Apple device with designated item number 1B14 was only partially accessed and a portion remains locked. The FBI has undertaken substantial efforts to access the locked portion without success.

2

As numerous courts have recognized, this Rule "merely requires that the Government produce documents falling into the three enumerated categories."  United States v. Reddy, 190 F. Supp. 2d 558, 571 (S.D.N.Y. 2002); United States v. Roberts, No. 01 CR 410 RWS, 2001 WL 1646732, at *14 (S.D.N.Y. Dec. 17, 2001) ("The Government has already provided, and is in the process of providing, discovery to the defendant as required under Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 does not require the Government to provide a list or index of the documents produced."); see also, e.g., United States v. Kaplan, No. 02 CR. 883 (DAB), 2003 WL 22880914, at * 21 (Dec. 5, 2003); United States v. Nachamie, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000).  To the extent the Court's October 3, 2018 order directs the government to provide such a list, which would include materials the government has not yet determined are discoverable, the government respectfully requests an opportunity to submit additional briefing and legal authority on this issue.

Lastly, the government notes that it has requested reciprocal discovery from the defendants and has not received any.  The government again asserts its right to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  Specifically, the government requests that the defendants allow inspection and copying of: (1) any books, papers, documents, photographs, tapes, and tangible objects that are in the defendant's possession, custody or control and that the defendants intend to introduce as evidence or otherwise rely on at trial and (2) any results or reports of physical or mental examinations and of scientific tests or examinations, made in connection with this case, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom a defendant intends to call at trial.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Moira Kim Penza
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
Counsel of Record (by ECF)

3