500 Fifth Avenue, 40th Floor
New York, NY 10110
tel: 212-257-4880
fax: 212-202-6417

**Shapiro Arato LLP**

www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

October 31, 2018

<u>VIA ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Raniere, et al.*, No. 18-cr-204 (NGG)

Dear Judge Garaufis:

      We respectfully submit this letter on behalf of all defendants and pursuant to the Court's October 15 Order to request relief from the Court's page limits for motions. The charges in this case are numerous, varied, and complex. The Indictment charges six defendants in seven separate counts, one of which is a RICO count spanning 18 predicate or sub-predicate acts of racketeering. By our count, the Indictment cites 26 separate sections of the United States Code and New York Penal Law. Nevertheless, the defendants have coordinated in order to streamline their motions and file jointly where possible. We anticipate filing the following motions:

      1.   Defendants Clare Bronfman, Kathy Russell, and Nancy Salzman, joined by the other defendants where applicable, currently intend to file a joint motion to dismiss Count One (RICO conspiracy) and Count Seven (identity theft conspiracy) in their entirety; to dismiss specific predicate acts of racketeering charged under Count One; and to obtain further particulars. Defendants Bronfman, Russell, and Salzman anticipate arguing, among other things, that the RICO pattern is deficient, the RICO conspiracy is duplicitous, several of the charged acts are missing essential elements, and venue is lacking for Count Seven. Consolidating these arguments in a single brief will be more efficient than submitting several separate briefs. However, given the intricacy of the charges and the applicable law, and the fact that the arguments relate to several (and sometimes all six) defendants, we request relief from the Court's ordinary page limits for a single brief. In an abundance of caution, we request 40 pages for the opening brief and 20 pages for the reply, although we are mindful of the burden on the Court and aim to submit fewer pages. The requested page limit is substantially less than the 75 pages that these three defendants could submit if they filed separately.

      2.   Defendants Keith Raniere, Lauren Salzman, and Allison Mack currently intend to file motions to dismiss Counts Two, Four, Five, and Six, in their entirety, as well as to join in the motion to dismiss Count One where applicable to them and to supplement the joint motion

The Hon. Nicholas G. Garaufis
October 31, 2018  Page 2

regarding those predicate acts specific to them.  Defendants Raniere, Salzman, and Mack anticipate arguing, among other things, that each of these counts fails to state a claim, as well as other constitutional defects with the counts as pled.  In addition, Defendants Raniere, Salzman, and Mack intend to move to dismiss on the ground that the statutes underlying those counts are unconstitutionally vague.  In the alternative, Defendants will move to obtain further particulars regarding these counts to allow them adequately to prepare for and present their defense at trial.  In view of the number of counts that are the subject of that motion, and the legal arguments Ms. Mack anticipates advancing in support of that motion, Ms. Mack respectfully requests permission to file a supporting memorandum of not more than 30 pages.  In addition, Mr. Raniere and Ms. Salzman expect to join in these motions where applicable in order to avoid an unnecessary repetition of the applicable law and constitutional principles, but anticipate submitting individual briefs (well within the Court's 25-page limit) addressing the related allegations specific to them under those legal standards.[1]

Respectfully submitted,

/s/ Alexandra A.E. Shapiro

Alexandra A.E. Shapiro

cc: Counsel of Record (by ECF)

---

[1] Ms. Salzman also intends to seek dismissal of Count Three in her individual brief.  Furthermore, as previously noted in the defendants' joint October 12, 2018 letter, the defendants expect to file joint motions seeking: (i) to compel the disclosure of exculpatory information and/or information material to the preparation of the defense; and (ii) permission for certain foreign witnesses to testify live at trial via closed-circuit television (CCTV) or, in the alternative, via deposition pursuant to Federal Rule of Criminal Procedure 15.  Currently, the defendants do not anticipate that the memoranda supporting such motions will exceed the Court's 25-page limit.