# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

December 19, 2018

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>United States v. Keith Raniere, et al.</u>, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

    We submit this letter on behalf of all defendants in response to the Court's December 13, 2018, Order directing the defendants to respond jointly to the Government's Letter addressing potential issues arising from the Trust's payment of witnesses' legal fees. (Dkt. 247, Gov't Ltr. Regarding Witness Legal Fees.)

    <u>First</u>, as set forth in previous filings, as to fees paid by the Trust, defendants do not have any control as to how the Trust funds are distributed to beneficiaries and therefore we do not believe there are any issues to be cured – as to witnesses or defendants. Moreover, we do not understand the Government to be claiming that there is any issue with respect to any witness's counsel that requires the Court's intervention at this time. Rather, the Government proposes that the Court may need to conduct a "limited <u>voir</u> <u>dire</u> of any proposed witness whose attorney is being paid through the Trust before that witness testifies at any proceeding or at trial." (Dkt. 247 at 2.) While defendants may object to the Court conducting an inquiry into potential conflicts of interest arising from any third-party payors for witnesses' legal fees in the future, defendants do not believe the issue is ripe for objection now. As we are not privy to the grand jury proceedings, we are unaware of any witness whose testimony is imminent.

Evidently, the Government has not come across any witness in the course of its investigation for whom a potential conflict of interest has required the Court's intervention to date. The only specific instance the Government raises is inapposite, and is an effort by the Government to conflate Ms. Bronfman with the irrevocable defense trust.

In its November 30, 2018 Letter (Dkt. 210), the Government cited an example of a witness they met with (Witness #1) whose fees it asserted "were being paid for by Clare Bronfman." (Id.) In the Government's recent filing, they now assert that this witness's legal fees "would have been paid by the Trust." (Dkt. 247 at 1-2.) Curiously, the Government makes this assertion without having seen the Trust document or its list of beneficiaries to determine whether Witness #1 was even eligible to have counsel paid by the Trust.[1]

Though the Government continues to conflate the Trust and Clare Bronfman as one and the same, the Court is now aware from multiple ex parte filings that this cannot be further from the truth. Moreover, the Government's recent letter states that "multiple witnesses" are having their legal fees paid by the Trust (Dkt. 210 at 3) (emphasis added), which indicates that the fact that the Trust is paying legal fees is in no way impeding the ability of the Government to obtain cooperation.

Second, pursuant to this Court's December 18, 2018, Order, counsel is attaching as Exhibit 1, an ex parte letter from the trustee's attorney, which provides this Court (1) with the names of all contributors to the Trust and (2) seeks to clarify matters related to the Trust, including more information as to how the Trust pays legal fees.

---

[1] Though the Government has declined to provide the name of Witness #1, counsel for Ms. Bronfman believes that the witness identified as Witness #1 is likely an individual who had performed some work for Ms. Bronfman unrelated to NXIVM, and whose legal fees Ms. Bronfman, through her counsel, offered to indemnify when the individual reached out after being contacted by the Government. Contrary to the Government's suggestion in its December 17th letter, this was not a witness whose legal fees were ever offered to be paid by the Trust. The offer to pay for legal fees incurred by this individual arising from her past employment by Ms. Bronfman was conveyed by counsel, was entirely proper, and was in no way contingent upon the individual's taking any action in response to being contacted by the Government. To the contrary, Witness #1 was referred to two different attorneys in order to give her the opportunity to receive independent legal advice. Even according to the Government's third-hand version of events, one of those attorneys apparently advised Witness #1 of the potential conflict of interest arising from the third-party payment of legal fees and she evidently decided to find other counsel or to be interviewed by the Government without counsel.

Thank you for your consideration.

Respectfully submitted,

_____
Marc Agnifilo, Esq.
Teny Geragos, Esq.
