**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 13 2019  ★

BROOKLYN OFFICE

MKM:MKP/TH/MJL/KMT/KKO
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KEITH RANIERE,
    also known as "Vanguard,"
    "Grandmaster"
    and "Master,"
CLARE BRONFMAN,
ALLISON MACK,
KATHY RUSSELL and
LAUREN SALZMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>18-204 (S-2) (NGG)</u>
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2)(B), 982(b)(1), 1028(b)(5),
1028(f), 1349, 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(a), 1594(b), 1594(c),
1594(d), 1962(c), 1962(d), 1963,
1963(a), 2251(a), 2251(e),
2252(a)(4)(b), 2252(b)(2), 2253(a),
2253(b), 2 and 3551 <u>et seq.</u>; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

At all times relevant to this Superseding Indictment (the "Indictment"), unless otherwise indicated:

<u>The Enterprise</u>

1.    The defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," was the founder of several pyramid-structured organizations ("the Pyramid Organizations"), including, but not limited to, (1) Nxivm; Executive Success Programs, Inc.; Jness, LLC; Society of Protectors, LLC; Ultima and other related entities (collectively, "Nxivm"); and (2) an organization referred to as "DOS," the "Vow" and "the

sorority" (collectively, "DOS").  In leading the Pyramid Organizations, RANIERE relied on certain individuals, sometimes referred to as his "inner circle," who were accorded special positions of trust and privilege with RANIERE and who carried out his directives.

2.    Members of RANIERE's inner circle also held high positions, or had an ownership interest, in one or more of the Pyramid Organizations, including serving as executives, directors and officers of Nxivm.  Members of RANIERE's inner circle also, at times, served as "first-line masters" in DOS directly under RANIERE, meaning that they comprised the second-highest level within the DOS "pyramid" and that, other than RANIERE, they wielded the most power within DOS.

3.    RANIERE and his inner circle, including the defendants CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, and others known and unknown, comprised an organized criminal enterprise (the "Enterprise"). The Enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

<u>Purposes, Methods and Means of the Enterprise</u>

4.    The principal purpose of the Enterprise was to promote the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and to recruit new members into the Pyramid Organizations.  By promoting RANIERE and recruiting others into the Pyramid Organizations, the members of the Enterprise expected to receive

financial opportunities and personal benefits, including increased power and status within the Enterprise.

5.      The Enterprise operated within the Eastern District of New York, the Northern District of New York and elsewhere, including overseas.

6.      Among the means and methods by which the defendants and their associates participated in the conduct of the affairs of the Enterprise were the following:

(a)      Promoting, enhancing and protecting the Enterprise by committing, attempting and conspiring to commit crimes, including but not limited to visa fraud, identity theft, extortion, forced labor, sex trafficking, money laundering, wire fraud, tax evasion and obstruction of justice;

(b)      Demanding absolute commitment to RANIERE, including by exalting RANIERE's teachings and ideology, and not tolerating dissent;

(c)      Inducing shame and guilt in order to influence and control members and associates of the Enterprise;

(d)      Obtaining sensitive information about members and associates of the Enterprise in order to maintain control over them;

(e)      Recruiting and grooming sexual partners for RANIERE and obtaining nude photographs of women for RANIERE;

(f)      Isolating associates and others from friends and family and making them dependent on the Enterprise for their financial well-being and legal status in the United States;

(g)     Protecting and attempting to protect RANIERE and the
Enterprise by, among other things, gaining political influence and evading regulatory
agencies;

(h)     Using harassment, coercion and abusive litigation to intimidate
and attack perceived enemies and critics of RANIERE; and

(i)     Encouraging associates and others to take expensive Nxivm
courses, and incur debt to do so, as a means of exerting control over them and to obtain
financial benefits for the members of the Enterprise.

<u>The Defendants and Their Co-Conspirators</u>

7.     The defendant KEITH RANIERE, also known as "Vanguard,"
"Grandmaster" and "Master," founded and was the leader of Nxivm and DOS.   RANIERE
was also the head of the Enterprise.

8.     The defendant CLARE BRONFMAN was a member of the Enterprise
and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018,
BRONFMAN served on Nxivm's Executive Board.

9.     The defendant ALLISON MACK was a member of the Enterprise and
a high-ranking member of Nxivm.   At various times relevant to the Indictment, MACK was
also a first-line master in DOS.

10.     The defendant KATHY RUSSELL was a member of the Enterprise and
a high-ranking member of Nxivm.   From at least in or about July 2002 to 2014, RUSSELL
served as Nxivm's bookkeeper.

11.     The defendant LAUREN SALZMAN was a member of the Enterprise
and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018, SALZMAN

served on Nxivm's Executive Board.    At various times relevant to the Indictment, SALZMAN was also a first-line master in DOS.

        12.    The defendants also acted in concert with other co-conspirators, both known and unknown, who were members and associates of the Enterprise, some of whose identities are known to the Grand Jury.

COUNT ONE
(Racketeering Conspiracy)

        13.    The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

        14.    In or about and between 2003 and March 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, together with others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

        15.    The pattern of racketeering activity through which the defendants KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, together with others, agreed to conduct and participate, directly and

indirectly, in the conduct of the affairs of the Enterprise consisted of multiple acts indictable under:

(a)     Title 18, United States Code, Section 1028 (identification document fraud and identification document fraud conspiracy, and identity theft and identity theft conspiracy);

(b)     Title 18, United States Code, Section 1343 (wire fraud);

(c)     Title 18, United States Code, Section 1512 (obstruction of justice and obstruction of justice conspiracy);

(d)     Title 18, United States Code, Section 1546 (visa fraud);

(e)     Title 18, United States Code, Section 1589 (forced labor);

(f)     Title 18, United States Code, Section 1590 (trafficking in persons);

(g)     Title 18, United States Code, Section 1591 (sex trafficking);

(h)     Title 18, United States Code, Section 1592 (document servitude);

(i)     Title 18, United States Code, Section 1952 (interstate and foreign travel in aid of racketeering);

(j)     Title 18, United States Code, Sections 1956 and 1957 (money laundering and money laundering conspiracy);

(k)     Title 18, United States Code, Section 2251 (child exploitation); and

(l)     Title 18, United States Code, Section 2252 (possession of child pornography), and

multiple acts involving extortion, in violation of New York Penal Law Sections 155.30(6) and 20.00.   It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Sections 1962(d), 1963(a) and 3551 et seq.)

<u>COUNT TWO</u>
(Racketeering)

16.    The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

17.    In or about and between 2003 and March 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," CLARE BRONFMAN, ALLISON MACK and LAUREN SALZMAN, together with others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

<u>RACKETEERING ACT ONE</u>
(Conspiracy to Commit Identity Theft and to
Unlawfully Possess Identification of Jane Doe 1)

18.    The defendant KEITH RANIERE, together with others, committed the following acts, either of which alone constitutes Racketeering Act One:

A.    <u>Conspiracy to Commit Identity Theft</u>

19.    In or about 2004, within the Northern District of New York and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another

person, to wit: Jane Doe 1, an individual whose identity is known to the Grand Jury, with the

intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: bringing in, transporting and

harboring an alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A),

contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18,

United States Code, Section 1028(f).

      B.     Conspiracy to Unlawfully Possess Identification Document

        20.    In or about December 2004, within the Northern District of New York

and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and

intentionally conspire to possess a false identification document, to wit: a sheriff's

identification card with the last name and date of birth of Jane Doe 1, with the intent that

such document be used to defraud the United States, contrary to Title 18, United States Code,

Section 1028(a)(4), in violation of Title 18, United States Code, Section 1028(f).

RACKETEERING ACT TWO
(Sexual Exploitation of a Child – Jane Doe 2)

        21.    On or about November 2, 2005, within the Northern District of New

York, the defendant KEITH RANIERE did knowingly and intentionally employ, use,

persuade, induce, entice and coerce a minor, to wit: Jane Doe 2, an individual whose identity

is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of

producing one or more visual depictions of such conduct, which visual depictions were

produced and transmitted using materials that had been mailed, shipped and transported in

and affecting interstate and foreign commerce by any means, in violation of Title 18, United

States Code, Sections 2251(a) and 2251(e).

## RACKETEERING ACT THREE
(Sexual Exploitation of a Child – Jane Doe 2)

22.     On or about November 24, 2005, within the Northern District of New York, the defendant KEITH RANIERE did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## RACKETEERING ACT FOUR
(Possession of Child Pornography)

23.     In or about and between November 2005 and March 2018, both dates being approximate and inclusive, within the Northern District of New York, the defendant KEITH RANIERE did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images contained in digital files stored on a Western Digital hard drive, which were produced using materials which had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate commerce, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## RACKETEERING ACT FIVE
### (Conspiracy to Commit Identity Theft)

24.    The defendants KEITH RANIERE and CLARE BRONFMAN,

together with others, committed the following acts, either of which alone constitutes

Racketeering Act Five:

A.    Conspiracy to Commit Identity Theft

25.    In or about and between August 2005 and November 2008, both dates

being approximate and inclusive, within the Northern District of New York and elsewhere,

the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did

knowingly and intentionally conspire to transfer, possess and use, without lawful authority

and in and affecting interstate and foreign commerce, one or more means of identification of

one or more other persons, with the intent to commit, and to aid and abet, and in connection

with, unlawful activity that constituted one or more violations of federal law, to wit: (1)

intercepting wire and electronic communications, in violation of Title 18, United States

Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in

violation of Title 18, United States Code, Section 2701, contrary to Title 18, United States

Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

B.    Identity Theft of John Doe 1

26.    In or about and between January 2006 and November 2008, both dates

being approximate and inclusive, within the Northern District of New York and elsewhere,

the defendant KEITH RANIERE, together with others, did knowingly and intentionally

transfer, possess and use, without lawful authority and in and affecting interstate commerce,

one or more means of identification of another person, to wit: John Doe 1, an individual

whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

C.    Identity Theft of John Doe 2

27.    In or about and between January 2006 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: John Doe 2, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

RACKETEERING ACT SIX
(Conspiracy to Alter Records for Use in an Official Proceeding)

28.    In or about and between February 2008 and March 2018, both dates being approximate and inclusive, within the District of New Jersey and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally conspire

to corruptly alter, destroy, mutilate and conceal one or more records, documents and other

objects, to wit: video recordings, with the intent to impair such objects' integrity and

availability for use in an official proceeding, to wit: NXIVM Corp., et al. v. Ross Institute, et

al., 06 CV 1051 (D.N.J.), contrary to Title 18, United States Code, Section 1512(c)(1), all in

violation of Title 18, United States Code, Section 1512(k).

### RACKETEERING ACT SEVEN
(Conspiracy to Commit Identity Theft – Jane Doe 3)

29.      In or about November 2008, within the Northern District of New York

and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and

intentionally conspire to transfer, possess and use, without lawful authority and in and

affecting interstate commerce, one or more means of identification of another person, to wit:

Jane Doe 3, an individual whose identity is known to the Grand Jury, with the intent to

commit, and to aid and abet, and in connection with, unlawful activity that constituted one or

more violations of federal law, to wit: (1) intercepting wire and electronic communications,

in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire

and electronic communications, in violation of Title 18, United States Code, Section 2701,

contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18,

United States Code, Section 1028(f).

### RACKETEERING ACT EIGHT
(Money Laundering)

30.      In or about March 2009, within the Northern District of New York and

elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and

intentionally transport, transmit and transfer monetary instruments and funds, to wit: wire

transfers, from one or more places in the United States to and through one or more places

outside the United States and to one or more places in the United States from and through one or more places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: visa fraud, in violation of Title 18, United States Code, Section 1546, all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### RACKETEERING ACT NINE
(Trafficking and Document Servitude – Jane Doe 4)

31.    The defendants KEITH RANIERE and LAUREN SALZMAN, together with others, committed the following acts, either of which alone constitutes Racketeering Act Nine:

A.    Trafficking of Jane Doe 4 for Labor and Services

32.    In or about and between March 2010 and April 2012, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did knowingly and intentionally recruit, harbor, transport, provide and obtain a person, to wit: Jane Doe 4, an individual whose identity is known to the Grand Jury, for labor and services in violation of Title 18, United States Code, Chapter 77, to wit: (1) document servitude, in violation of Title 18, United States Code, Section 1592; and (2) forced labor, in violation of Title 18, United States Code, Section 1589, all in violation of Title 18, United States Code, Sections 1590 and 2.

B.    Document Servitude of Jane Doe 4

33.    In or about and between March 2010 and April 2012, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did

knowingly and intentionally conceal, remove, confiscate and possess one or more

immigration documents and actual government identification documents of a person, to wit:

Jane Doe 4, in the course of, and with intent to commit, one or more violations of Title 18,

United States Code, Sections 1589 and 1590, all in violation of Title 18, United States Code,

Sections 1592 and 2.

RACKETEERING ACT TEN<br>(State Law Extortion)

34.     In or about and between September 2015 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, ALLISON MACK and LAUREN SALZMAN, together with

others, did knowingly and intentionally steal property by extortion, in that RANIERE,

MACK, SALZMAN and others obtained property, to wit: personal property and other things

of value, by compelling and inducing one or more persons, to wit: lower-ranking DOS

members, to deliver such property by instilling in them a fear that, if the property were not so

delivered, RANIERE, MACK, SALZMAN and others would (1) expose a secret and

publicize an asserted fact, whether true or false, tending to subject one or more persons to

hatred, contempt and ridicule; and (2) perform an act which would not in itself materially

benefit RANIERE, MACK, SALZMAN and others, but which was calculated to harm one or

more persons materially with respect to their health, safety, business, calling, career,

financial condition, reputation and personal relationships, in violation of New York Penal

Law Sections 155.30(6), 155.05(2)(e)(v), 155.05(2)(e)(ix) and 20.00.

## RACKETEERING ACT ELEVEN
### (Visa Fraud)

35.     In or about and between October 2015 and January 2018, both dates

being approximate and inclusive, within the Northern District of New York and elsewhere,

the defendant CLARE BRONFMAN, together with others, did knowingly and intentionally

present an application, affidavit and other document required by the immigration laws and

regulations prescribed thereunder, which contained one or more false statements with respect

to a material fact and which failed to contain any reasonable basis in law and fact, to wit:

BRONFMAN caused to be submitted to the United States consulate an offer of employment

that BRONFMAN knew to contain materially false and fraudulent statements, which offer of

employment was submitted in support of a visa application for another individual, in

violation of Title 18, United States Code, Sections 1546(a) and 2.

## RACKETEERING ACT TWELVE
### (Sex Trafficking and Forced Labor – Jane Doe 5)

36.     The defendants KEITH RANIERE and ALLISON MACK, together

with others, committed the following acts, either of which alone constitutes Racketeering Act

Twelve:

A.     <u>Sex Trafficking of Jane Doe 5</u>

37.     In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly

and intentionally recruit, entice, harbor, transport, provide, obtain, maintain, patronize and

solicit a person, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury,

in and affecting interstate and foreign commerce, and did benefit, financially and by

receiving anything of value, from participation in a venture that engaged in such acts,

knowing and in reckless disregard of the fact that means of force, threats of force, fraud and

coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in

one or more commercial sex acts, in violation of Title 18, United States Code, Sections

1591(a)(1), 1591(a)(2) and 2.

     B.    <u>Forced Labor of Jane Doe 5</u>

     38.    In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly

and intentionally provide and obtain the labor and services of a person, to wit: Jane Doe 5, by

means of (a) force, threats of force, physical restraint and threats of physical restraint to her

and one or more other persons, (b) serious harm and threats of serious harm to her and one or

more other persons, and (c) one or more schemes, plans and patterns intended to cause her to

believe that, if she did not perform such labor and services, she and one or more other

persons would suffer serious harm and physical restraint, and a combination of such means,

in violation of Title 18, United States Code, Sections 1589(a) and 2.

<u>RACKETEERING ACT THIRTEEN</u>
(Forced Labor of Jane Doe 6)

     39.    In or about and between February 2017 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant LAUREN SALZMAN, together with others, did knowingly and intentionally

obtain the labor and services of a person, to wit: Jane Doe 6, an individual whose identity is

known to the Grand Jury, by means of (a) force, threats of force, physical restraint and

threats of physical restraint to her and one or more other persons, (b) serious harm and

threats of serious harm to her and one or more other persons, and (c) one or more schemes,

plans and patterns intended to cause her to believe that, if she did not perform such labor and

services, she and one or more other persons would suffer serious harm and physical restraint,

and a combination of such means, in violation of Title 18, United States Code, Sections

1589(a) and 2.

## RACKETEERING ACT FOURTEEN
(Conspiracy to Commit Identity Theft – Jane Doe 7)

40.     In or about and between November 2016 and March 2018, both dates

being approximate and inclusive, within the Northern District of New York and elsewhere,

the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did

knowingly and intentionally conspire to transfer, possess and use, without lawful authority

and in and affecting interstate and foreign commerce, one or more means of identification of

another person, to wit: Jane Doe 7, an individual whose identity is known to the Grand Jury,

with the intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26,

United States Code, Section 7201, contrary to Title 18, United States Code, Section

1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

(Title 18, United States Code, Sections 1962(c), 1963(a) and 3551 et seq.)

## COUNT THREE
(Sexual Exploitation of a Child – Jane Doe 2)

41.     On or about November 2, 2005, within the Northern District of New

York, the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and

"Master," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a

minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of

producing one or more visual depictions of such conduct, which visual depictions were

produced and transmitted using materials that had been mailed, shipped and transported in

and affecting interstate and foreign commerce by any means.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FOUR
### (Sexual Exploitation of a Child – Jane Doe 2)

42.    On or about November 24, 2005, within the Northern District of New

York, the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and

"Master," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a

minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of

producing one or more visual depictions of such conduct, which visual depictions were

produced and transmitted using materials that had been mailed, shipped and transported in

and affecting interstate and foreign commerce by any means.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIVE
### (Possession of Child Pornography)

43.    In or about and between November 2005 and March 2018, both dates

being approximate and inclusive, within the Northern District of New York, the defendant

KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," did knowingly

and intentionally possess matter containing one or more visual depictions, to wit: images

contained in digital files stored on a Western Digital hard drive, which were produced using

materials which had been mailed, and shipped and transported using a means and facility of

interstate and foreign commerce and in and affecting interstate commerce, the production of

such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## COUNT SIX
(Forced Labor Conspiracy)

44.     In or about and between September 2015 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," ALLISON MACK and LAUREN SALZMAN, together with others, did knowingly and intentionally conspire to provide and obtain the labor and services of one or more persons, to wit: lower-ranking DOS members, by means of (a) force, physical restraint and threats of physical restraint to them and one or more other persons, (b) serious harm and threats of serious harm to them and one or more other persons, and (c) one or more schemes, plans and patterns intended to cause them to believe that, if they did not perform such labor and services, they and one or more other persons would suffer serious harm, and a combination of such means, contrary to Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Sections 1594(b) and 3551 et seq.)

## COUNT SEVEN
(Wire Fraud Conspiracy)

45.     In or about and between September 2015 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," ALLISON MACK and LAUREN SALZMAN, together with others, did knowingly and

intentionally conspire to devise a scheme and artifice to defraud one or more persons, to wit: lower-ranking DOS members, and to obtain money and property, including rights to assets, credit card authorizations and sexually explicit photographs and videos, from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, to wit: electronic messages, telephone text messages and Telegram messages, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking Conspiracy)

46.    In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and ALLISON MACK, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit one or more persons, to wit: one or more lower-ranking DOS members, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause such persons to engage in one or more commercial sex acts,

which offense was effected by force, fraud, coercion and a combination of such means,

contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c), 1591(b)(1) and 3551 et seq.)

## COUNT NINE
(Sex Trafficking – Jane Doe 5)

47.    In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master,"

and ALLISON MACK, together with others, did knowingly and intentionally recruit, entice,

harbor, transport, provide, obtain, maintain, patronize and solicit a person, to wit: Jane Doe

5, in and affecting interstate and foreign commerce, and did benefit, financially and by

receiving anything of value, from participation in a venture that engaged in such acts,

knowing and in reckless disregard of the fact that means of force, threats of force, fraud and

coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in

one or more commercial sex acts, which offense was effected by force, fraud, coercion and a

combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

## COUNT TEN
(Attempted Sex Trafficking – Jane Doe 8)

48.    In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master,"

and ALLISON MACK, together with others, did knowingly and intentionally attempt to

recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit one or more

persons, to wit: Jane Doe 8, an individual whose identity is known to the Grand Jury, in and

affecting interstate and foreign commerce, and to benefit, financially and by receiving

anything of value, from participation in a venture that engaged in such acts, knowing and in

reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a

combination of such means, would be used to cause such person to engage in one or more

commercial sex acts, which offense was effected by force, fraud, coercion and a combination

of such means, in violation of Title 18, United States Code, Sections 1591(a)(1) and

1591(a)(2).

    (Title 18, United States Code, Sections 1594(a), 1591(b)(1), 2 and 3551 et

seq.)

## COUNT ELEVEN
(Conspiracy to Commit Identity Theft – Jane Doe 7)

    49.    In or about and between November 2016 and March 2018, both dates

being approximate and inclusive, within the Northern District of New York, the defendants

KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and CLARE

BRONFMAN, together with others, did knowingly and intentionally conspire to transfer,

possess and use, without lawful authority and in and affecting interstate and foreign

commerce, one or more means of identification of another person, to wit: Jane Doe 7, with

the intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26,

United States Code, Section 7201, contrary to Title 18, United States Code, Section 1028(a)(7).

(Title 18, United States Code, Sections 1028(f) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

50.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offenses to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

51.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1963)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, FOUR AND FIVE

52.    The United States hereby gives notice to the defendant charged in Counts Three, Four and Five that, upon his conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SIX, EIGHT, NINE AND TEN

53.    The United States hereby gives notice to the defendants charged in Counts Six, Eight, Nine and Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d) of (a) any property, real or personal, that was involved in, used or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property, including but not limited to:

(i)    the real property located at 8 Hale Drive, Halfmoon, New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings;

(ii)    fifteen thousand six hundred seventy dollars and zero cents ($15,670.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188;

(iii)    three hundred ninety thousand one hundred eighty dollars and zero cents ($390,180.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188; and

(iv)    one hundred nine thousand seven hundred twenty-seven dollars and zero cents ($109,727.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188.

54.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeiture property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN

55.    The United States hereby gives notice to the defendants charged in Count Seven that, upon their conviction of such offense, the government will seek forfeiture

in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

56.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ELEVEN

57.    The United States hereby gives notice to the defendants charged in Count Eleven that, upon their conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from,

proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1028(b)(5), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense.

        58.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1) and 1028(b)(5); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. # 2017R01840

FORM DBD-34

JUN. 85

No.  18-CR-204 (NGG) (S-2)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*KEITH RANIERE, also known as "Vanguard,"
"Grandmaster" and "Master," et al.,*

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1028(b)(5), 1028(f), 1349, 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(a), 1594(b), 1594(c), 1594(d), 1962(c), 1962(d), 1963, 1963(a), 2251(a), 2251(e), 2252(a)(4)(b), 2252(b)(2), 2253(a), 2253(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____  _____

***Moira Kim Penza, Tanya Hajjar, Mark J. Lesko, Kevin Trowel, Karin Orenstein
Assistant U.S. Attorneys (718) 254-7000***