# ASHCROFT LAW FIRM™

April 10, 2019

Magistrate Judge Vera M. Scanlon
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    USA v. Raniere et al | 1:18-cr-00204-NGG-VMS

Dear Judge Scanlon:

Please accept this letter pursuant to your order dated April 8, 2019 (Dkt. 512) regarding the Government's claim that NXIVM has waived any privileges related to documents seized pursuant to a search warrant for 8 Hale Drive. As of the writing of this letter, I have not been provided a copy of the search warrant, thus I am unable to comment on the description in the warrant of 8 Hale Drive and its related security protections at the time the Government sought authorization from the Court to search and seize certain evidence at 8 Hale Drive. As a result, I hereby respectively ask for the Court's permission to supplement this letter once I receive a copy of the warrant for 8 Hale Drive.

8 Hale Drive has been described to me as private property, not open nor accessible to the general public. It had, at the time the search warrant was executed, security cameras that monitored activities at and around the property. I have been told that in order to enter the property, permission is needed; further one person has been approved to manage and control the property. The individuals that were granted access to the property were mostly limited to people with connections to NXIVM.

Per the Court's request, I confirmed the steps taken to protect confidential information, including privileged communications and attorney work-product on devices seized at 8 Hale Drive. I have been told that the devices on the premises belonged to particular individuals affiliated with NXIVM and that at least some of the devices were password protected. Use of the devices was limited to only a few people. The devices were kept in an office at the property. Neither the devices nor content on the devices were abandoned or easily accessible to the public.

The description of the security of the property, the need for approval to enter the property, the limited number of people that entered, the location, limited use and password protection of the devices is substantially different from the hypothetical offered at the April 8, 2019, conference.

The Second Circuit has stated that "if a client wishes to preserve the privilege … [they] must take some affirmative action to preserve confidentiality." *In re Horowitz*, 482 F.2d. 72, 82 (2nd Cir. 1973). Even though the Court ultimately found waiver of privilege in *Horowitz*, this case is distinguishable. In *Horowitz*, the privilege holder took no affirmative action to preserve confidentiality, instead, he allowed his accountant whom had been subpoenaed to look at all contents of his file cabinet, never instructing the accountant not to look at the confidential documents contained in the file cabinet or keeping the confidential documents in a separate file cabinet. *Id.* Here, NXIVM has taken several affirmative steps in order to preserve confidentiality

222 South Central Avenue • Suite 110 • St. Louis, MO 63105 • Tel: 314 863 7001 • Fax: 314 863 7008
www.AshcroftLawFirm.com
Austin • Boston • St. Louis • Washington, DC

as described above – including limiting access to the devices to specific individuals, keeping the devices in an office at the property, and password protecting them. As such, no waiver should be found here.

Further, the Second Circuit recognizes "[t]he general rules governing waiver are more complicated when the issue arises in the context of corporate entities." *In re Grand Jury Subpoena*, 219 F.3d 176, 183 (2nd Cir. 2000). The Supreme Court noted in *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), that the attorney-client privilege presents "special problems" in the corporate context:

> As an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers.

*Id*. at 348, 105 S. Ct. 1986. In *Weintraub*, the Court recognized that ordinarily the authority to assert and waive the corporation's privileges "rests with the corporation's management and is normally exercised by its officers and directors." *Id*. Here, and as discussed in my April 9, 2019, letter, each of my Clients has instructed me to assert privilege regarding documents and attorney work-product when appropriate and that I should not unilaterally waive privilege on behalf of any of the Clients. These devices are no exception to that instruction, and my Client wishes to assert its privilege rights as to the devices as they took reasonable steps to maintain confidentiality over them as discussed above.

We have not been able to identify one case which would warrant waiver of privilege over the contents on these devices under these circumstances. Based on all of the above we would respectfully ask the Court to find that there has been no waiver of privilege by the privilege holder.

If you have any questions or require further clarification regarding this letter, please do not hesitate to contact me.

Sincerely,

/s/ Michael J. Sullivan
Michael J. Sullivan