D/C

FR:KKO
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALLISON MACK,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

18-CR-204 (S-2) (NGG)

WHEREAS, on or about April 8, 2019, ALLISON MACK (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Two of the above-captioned Second Superseding Indictment, charging violations of 18 U.S.C. §§ 1962(c) and 1962(d), and admitted her participation in the following racketeering acts: (1) the extortion of Jane Does 5 and 8, identified in the Indictment as "lower-ranking DOS members" (as alleged in Racketeering Act Ten); (2) the forced labor of Jane Does 5 and 8 (as alleged in Racketeering Act Thirteen); and (3) wire fraud of "lower-ranking DOS members;" and

WHEREAS, pursuant to 18 U.S.C. § 1963(a), the defendant has consented to the forfeiture to the United States of all right, title, and interest in the following:

    (i)    The real property located at 8 Hale Drive, Halfmoon New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings;

    (ii)    Fifteen thousand six hundred seventy dollars and zero cents ($15,670.00) in United States currency seized on or about March 27, 2018 from 3 Oregon Trail, Waterford, New York 12188;

    (iii)    Three hundred ninety thousand one hundred eighty dollars and zero cents ($390,180.00) in United States currency seized on or

|     |     |
| --- | --- |
|     | about March 27, 2018 from 3 Oregon Trail, Waterford, New York 12188; |
| (iv) | One hundred nine thousand seven hundred twenty-seven dollars and zero cents ($109,727.00) in United States currency seized on or about March 27, 2018 from the 3 Oregon Trail, Waterford, New York 12188; |
| (v) | The real property located at 7 Generals Way, Clifton Park, New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto; |
| (vi) | The real property located at 455 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto; |
| (vii) | The real property located at 457 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto; and |
| (viii) | The real property located at 449 New Karner Road, Albany, NY 12205, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto |

((i) – (viii), collectively, the "Forfeited Assets"), as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or (d) substitute assets, pursuant to 18 U.S.C. § 1963(m).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.  Pursuant to 18 U.S.C. §§ 1963(a) and 1963(m), the defendant shall forfeit to the United States all right, title, and interest in the Forfeited Assets.

2.  Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

3.  The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4.  Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeited Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets, the defendant will assist the government in defending such claims. If the Forfeited Assets are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 18 U.S.C. § 1963(m).

6. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of the same, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.	Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.	The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.	The forfeiture of the Forfeited Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10.	This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11.	This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

12.	The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Law Clerk Elizabeth Valeriane, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
          June 24      , 2019

SO ORDERED:

s/Nicholas G. Garaufis

_____
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK