

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:TH
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 22, 2019

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, et al.
                  Criminal Docket No. 18-204 (S-2) (NGG) (VMS)

Dear Judge Garaufis:

      The government respectfully submits this motion for reconsideration of the Court's ruling affirming the orders of Magistrate Judge Vera M. Scanlon finding that the corporate entity Nxivm[1] was not defunct and may assert attorney-client and work-product privileges. See Redacted Memorandum & Order, Docket Entry No. 640 ("Mem. and Order") at 5-6. On April 4, 2019, Judge Scanlon found that certain documents seized from defendant Clare Bronfman's email account were protected by attorney-client and work-product privileges asserted by Nxivm. See Mem. and Order at 1. On April 18, 2019, the government's privilege review team objected to Judge Scanlon's finding that Nxivm was not defunct and could assert attorney-client and work-product privileges. On April 26, 2019, the Court affirmed Judge Scanlon's privilege orders. Id.

      In the months since the Court's ruling, attorneys for Nxivm have filed sworn declarations stating that Nxivm is no longer in operation and that they are unable to contact any representative of Nxivm. Accordingly, the government respectfully seeks reconsideration of the Court's order.

  I.    Legal Standard for Reconsideration

      "[T]here is no specific rule, either in the Federal Rules of Criminal Procedure or in this court's Local Criminal Rules, providing for the reconsideration of a ruling on a

---

[1] The primary Nxivm entity appears to be Nxivm Corporation d/b/a ESP, a Delaware corporation.

criminal matter." United States v. James, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). Instead, "courts in this district have resolved [such motions] according to the same principles that apply in the civil context[,]" namely Local Civil Rule 6.3. Id.; United States v. DiPietro, No. 02 CR 1237, 2007 WL 3130553, at *1 (S.D.N.Y. Oct. 17, 2007) (citing cases).

Under Local Civil Rule 6.3, a motion for reconsideration "should inform the court of the matters or controlling decisions which counsel believes the court has overlooked." Motions for reconsideration may be granted where the "moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

II. Reconsideration is Warranted

Since the Court's order affirming Judge Scanlon's privilege orders on April 26, 2019, attorneys for Nxivm have stated, in sworn declarations, that Nxivm is a defunct entity.

On August 26, 2019, the United States District Court for the District of New Jersey issued a written opinion with findings of facts after having held a bench trial between Nxivm and a cross-claimant, Interfor, Inc. ("Interfor"), in connection with an indemnity agreement held by Interfor. See Nxivm v. Sutton, No. 06-CV-1051 (KSH). 2019 WL 4010859, at *1 (D.N.J. Aug. 26, 2019) (appended as Exhibit A). This litigation stemmed from a suit initiated by Nxivm against a former student and Rick Ross, which formed the basis of Racketeering Act Six (Conspiracy to Alter Records for Use in an Official Proceeding) of the Second Superseding Indictment.

In its opinion, the district court observed that "Nxivm is no longer in operation." Exhibit A at 3 (also noting that the "racketeering charges against Raniere and Salzman included the underlying activity that they falsified evidence produced in this action"). On September 13, 2019, Robert D. Crockett, Esq., an attorney for Nxivm, filed a motion to withdraw as counsel and accompanying declarations, which are appended as Exhibit B. In his declaration, Mr. Crockett stated that after receiving the district court's August 26, 2019 order, his firm "received no instructions from any representative of Nxivm or [Nancy] Salzman indicating how we should proceed" and that the firm did "not expect to receive any instructions or direction because, as noted by this Court, 'Nxivm is no longer in operation.'" See Exhibit B, Crockett Decl. at ¶ 4. Mr. Crockett also appended a declaration from his associate, Chase T. Tajima, Esq., which stated that "on August 26 and 30, 2019, I attempted to contact the Crockett Firm's long-time contacts as Nxivm and First Principles, Inc., as well as Ms. Salzman, asking for guidance, direction, and instructions on how to respond to this Court's August 26, 2019 Order. On August 30, 2019, one Nxivm contact informed me that she was no longer involved with Nxivm nor any of the decision making and would not be providing any guidance, direction, or instructions on how to respond to the Order. I have never heard back from Ms. Salzman." See Exhibit B, Tajima Decl. at ¶ 3.

On October 15, 2019, in response to an order by the district court, Mr. Crockett filed another declaration, which is appended as Exhibit C. In that declaration, Mr. Crockett stated, "Despite my continued efforts to contact a representative of Nxivm, I have received no direction from Nxivm regarding how, or whether, to proceed with any opposition to Interfor's submission." See Exhibit C, Crockett Decl. at ¶ 3.

In light of Mr. Crockett's and Mr. Tajima's repeated sworn declarations that no corporate representative of Nxivm appears to exist because Nxivm is no longer in operation, Nxivm is defunct and may not assert attorney-client and work-product privileges. As this Court held in its May 10, 2019 Memorandum and Order, the "weight of authority[] holds that a dissolved or defunct corporation retains no privilege." See Mem. and Order at 4 (quoting S.E.C. v. Carrillo Huettel LLP, No. 13 CIV. 1735 GBD, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015)). The court in S.E.C. v. Carrillo Huettel noted several "rationales support[ing] this conclusion," including that "as a practical matter, there is no one who can speak for a defunct corporation in order to assert the privilege," and that "limiting the duration of the attorney-client privilege to the life of a corporation is consistent with the principle that the privilege is to be construed narrowly because it withholds relevant information from the judicial process." Id. at *3 (collecting cases). Because counsel for Nxivm—the party with the burden of demonstrating the applicability of any privilege—has acknowledged that Nxivm no longer exists, Nxivm is incapable of asserting any attorney-client or work-product privileges. Therefore, the government respectfully requests that the Court reconsider its prior ruling and order that (1) Nxivm cannot assert an attorney-client or work-product privilege and (2) all documents that were withheld from the prosecution team due to a privilege asserted by Nxivm should be disclosed.

III.	Conclusion

For the foregoing reasons, the government respectfully moves for reconsideration of the Court's order affirming Judge Scanlon's ruling that Nxivm is not a defunct corporation.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:	/s/ Tanya Hajjar
Tanya Hajjar
Mark J. Lesko
Kevin Trowel
Assistant U.S. Attorneys
(718) 254-7000

cc:	Counsel of Record (by ECF)
Michael J. Sullivan, Esq. (by email)